|   |   |
|---|---|
| DEBORAH L. BAKER, | CASE NO. 3:17-CV-05505-JRC |
| Plaintiff, | ORDER ON PLAINTIFF'S COMPLAINT |
| v. | |
| NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations, | |
| Defendant. | |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Consent to Proceed before a United States Magistrate Judge, Dkt. 5). This matter has been fully briefed. *See* Dkt. 10, 14, 15.

After considering and reviewing the record, the Court concludes the ALJ erred in evaluating plaintiff's credibility. The ALJ rejected plaintiff's credibility because plaintiff made inconsistent statements regarding her past substance use, failed to seek treatment, and reported daily activities that undermined her reported limitations. The ALJ erred in her credibility analysis because she did not specify how plaintiff's past reports to providers conflicted with her

testimony regarding her daily activities, nor evaluate whether plaintiff's daily activities met the threshold for transferrable work skills. The ALJ also erred because she did not provide clear and convincing reasons for her finding that plaintiff made inconsistent statements regarding her past substance use. Finally, the record does not support the ALJ's allegation that plaintiff failed to seek treatment for her conditions. This credibility determination was not harmless error because a more favorable credibility determination may have added additional limitations to plaintiff's residual functional capacity and resulted in a different disability determination.

Accordingly, this Court orders that this matter be remanded in accordance with sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff, DEBORAH LE ANN BAKER, was born in 1965 and was 47 years old on the alleged date of disability onset of December 23, 2013. *See* AR. 200-08. Plaintiff completed the ninth grade, obtained a GED and two Associate Degrees in college. AR. 51. Plaintiff has limited work experience in childcare, housekeeping, and other odd jobs. AR. 223-33. Plaintiff last worked in 2004. *Id.*

According to the ALJ, plaintiff has at least the severe impairments of "status post gunshot wound to the left leg, left hip bursitis, obesity, psoriasis, chronic obstructive pulmonary disease, asthma, hepatitis C, lower extremity numbness, major depressive disorder, posttraumatic stress disorder (PTSD), history of substance abuse, and anxiety disorder (20 CFR 416.920(c))." AR. 25.

At the time of the hearing, plaintiff was living in a duplex with her two dogs. AR. 65.

## PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration. *See* AR. 122-31, 133-44. Plaintiff's requested hearing was held before Administrative Law Judge Kelly Wilson ("the ALJ") on October 7, 2015. *See* AR. 39-88. On January 29, 2016, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 19-38. The ALJ found insufficient cause to reopen a previous decision, which is now administratively final. *See* AR. 89-114, 115-20.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether the ALJ failed to fully and fairly develop the record; (2) Whether the ALJ improperly applied the *Chavez* Acquiescence Ruling and *res judicata*; (3) Whether the ALJ properly evaluated the medical evidence; (4) Whether the ALJ properly evaluated plaintiff's testimony; (5) Whether the ALJ properly evaluated the lay evidence; and (6) Whether the ALJ properly assessed plaintiff's residual functional capacity ("RFC") and erred by basing her step five finding on her erroneous RFC assessment. *See* Dkt. 10, p. 2.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

This Court will address the dispositive issues first, then evaluate the remaining issues in light of the Court's decision to remand on the dispositive findings.

**I.      Whether the ALJ properly evaluated plaintiff's testimony.**

Plaintiff alleges the ALJ improperly evaluated plaintiff's credibility. Dkt. 10, p. 11-17. The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991)(*en banc*)).  If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen* v. *Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)(*citing Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993)); *see also Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014); *Reddick, supra*, 157 F.3d at 722 (*citing Bunnell v. Sullivan*, *supra*, 947 F.2d at 343, 346-47). As with all of the findings by the ALJ, the specific, clear and convincing reasons also must be supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

The ALJ unfavorably evaluated plaintiff's credibility because plaintiff reported activities of daily living the ALJ believed undermined plaintiff's reported symptoms, because plaintiff purportedly made inconsistent statements, and because she purportedly failed to seek treatment. AR. 30. For the reasons set forth below, this Court finds that the ALJ erred in her evaluation of plaintiff's credibility.

   A. *Activities of daily living.*

1 | The ALJ rejected plaintiff's credibility because her "daily activities are not limited to the
2 | extent one would expect, given the complaints of disabling symptoms and limitations." AR 30.
3 | The Ninth Circuit specified "the two grounds for using daily activities to form the basis
4 | of an adverse credibility determination: (1) whether or not they contradict the claimant's other
5 | testimony and (2) whether or not the activities of daily living meet "the threshold for transferable
6 | work skills." *Orn v. Astrue,* 495 F.3d 625, 639 (9th Cir. 2007) (*citing Fair v. Bowen*, 885 F.2d
7 | 597, 603 (9th Cir. 1989)).

*1. Whether plaintiff's statements contradict other testimony.*

In her analysis, the ALJ states that plaintiff "lives alone and is able to perform many of her activities of daily living with minimal assistance." AR. 30. These activities include: taking care of her dogs, having coffee with her neighbor, preparing simple meals and household chores, seeing her mother occasionally, grocery shopping, spending time on the computer, and watching movies. *Id.*

According to the Ninth Circuit, "we may not take a general finding-an unspecified conflict between Claimant's testimony about daily activities and her reports to doctors-and comb the administrative record to find specific conflicts." *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014); *see also Brown-Hunter v. Colvin,* 806 F.3d 487, 494 (9th Cir. 2015) ("Because the ALJ failed to identify the testimony she found not credible, she did not link that testimony to the particular parts of the record supporting her non-credibility determination, [which] was legal error") (citing *Burrell, supra,* 775 F.3d at 1139).

Here, the ALJ fails to identify parts of the record that contradict plaintiff's testimony regarding her daily activities. She merely alleges that the activities "are not limited to the extent one would expect." AR 30. Therefore, the ALJ's analysis does not link any of plaintiff's

testimony to the particular parts of the record supporting her non-credibility determination. *See Orn, supra*, 495 F.3d at 639 (*citing Fair, supra*, 885 F.2d at 603).

        2.     *Whether plaintiff's activities of daily living meet the threshold for transferrable work skills.*

Regarding how plaintiff's alleged daily activities translate into transferable work skills, the Ninth Circuit repeatedly has "asserted that the mere fact that a plaintiff has carried on certain daily activities… does not in any way detract from her credibility as to her overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (*quoting Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)). As stated by the Ninth Circuit, the ALJ "must make 'specific findings relating to the daily activities' and their transferability to conclude that a claimant's daily activities warrant an adverse determination regarding if a claimant's statements should be credited." *Orn, supra*, 495 F.3d at 639 (*quoting Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)). Here, the ALJ failed to evaluate whether plaintiff's daily activities met the "threshold for transferrable work skills," which was legal error. *Orn, supra*, 495 F.3d at 639 (*citing Fair, supra*, 885 F.2d at 603).

    B.  *Failure to seek treatment.*

The ALJ rejected plaintiff's testimony because her "lack of medical treatment suggests her related symptoms are not as serious as alleged." AR. 30. Although it is often the case that a claimant's failure to comply with prescribed treatment calls into question the severity of the claimant's symptoms, this generally is because such failure suggests that the claimant willfully is failing to submit to medical treatment because he or she wishes to remain disabled and receive benefits, or because he or she is not suffering from that severe of an impairment if not doing everything possible to remedy it. *See* 20 C.F.R. § 404.1530 ("If you do not follow the prescribed treatment without a good reason, we will not find you disabled"); *see also Tommasetti v. Astrue*,

533 F.3d 1035, 1039-40 (9th Cir. 2008) (Where the "record reflects that [plaintiff] responded favorably to conservative treatment," yet failed to seek aggressive treatment, such findings allowed the ALJ to make the "permissible inference" that the plaintiff's symptom of pain "was not as all-disabling as he reported") (footnote omitted).

However, according to SSR 16-3p, the Administration will not find a claimant's symptoms are inconsistent with the evidence in the record on the basis that the frequency or extent of treatment sought by an individual is not comparable with the degree of the alleged limitations "without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints." SSR 16-3p, 2016 SSR LEXIS 4 at*23, 2016 WL 1119029; *see also Regennitter v. Comm'r SSA*, 166 F.3d 1294, 1296 (9th Cir. 1999) ("Although we have held that 'an unexplained, or inadequately explained failure to seek treatment can cast doubt on the sincerity of a claimant's pain testimony,' we have proscribed the rejection of a claimant's complaint for lack of treatment when the record establishes that the claimant could not afford it") (citations, ellipses and brackets omitted).

When a mental illness is involved, assuming that a failure to comply with prescribed treatment suggests a *willful* failure to comply with prescribed treatment can be illogical. This is in part because a person suffering from a mental illness may not realize that she needs her medication, or she may not even realize that her "condition reflects a potentially serious mental illness." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). "'[I]t is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'" *Id.* (*quoting* with approval, *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989)). Moreover, the mentally ill person may not have the requisite insight into his or her condition to seek or comply with treatment, or does not have the memory and focus to have the

ability to take a medication three times a day, this fact actually can indicate a greater severity of mental incapacity. *See Nguyen, supra*, 100 F.3d at 1465; *see also Blankenship, supra*, 874 F.2d at 1124.

Here, the ALJ found that plaintiff has severe mental impairments of PTSD, major depressive disorder, and anxiety disorder. AR 25. In her analysis, the ALJ found that plaintiff has moderate limitations in concentration, persistence, and pace. AR. 26. The ALJ found that plaintiff "had minimal treatment because of problems with her insurance, but later admitted that she had such problems because she failed to submit related paperwork. The fact that [plaintiff] did not feel it was necessary to submit her paperwork… suggests her symptoms are not of disabling severity." AR. 30. However, the hearing transcript shows that plaintiff had difficulty completing her insurance paperwork, not that she had a willful failure to submit it. For example, in regards to a referral to a dermatologist for plaintiff's psoriasis, plaintiff testified that she "was filling out the paperwork for a different medical because I got like, three different things to me from different places and I filled out the wrong paperwork and I lost my medical." AR. 66. When asked if she had followed up with the dermatology referral, plaintiff stated, "no… I've just been really scattered and frustrated, not knowing what to do because of everything." *Id.* The ALJ later asked for clarification on what happened with plaintiff's insurance and plaintiff stated, "I thought that was the paperwork I was supposed to fill out and so I filled out that one and thought that was the review… so I didn't do the review I was supposed to do." AR. 68. Furthermore, plaintiff stated she had difficulty getting certain types of treatment because it wasn't covered by her insurance. AR. 67.

The record demonstrates that plaintiff's difficulty with her insurance paperwork is evidence of her disability, rather than, as the ALJ alleges, evidence that "her symptoms are not of

disabling severity." AR. 30. Therefore, there is no substantial evidence to support the ALJ's conclusion that plaintiff's failure to obtain treatment demonstrated that her impairments were not as severe as plaintiff reported.

   C.   *Inconsistent statements regarding substance abuse.*

The ALJ rejected plaintiff's testimony in part because the ALJ states plaintiff made inconsistent statements regarding her history of substance abuse. AR 30. Specifically, the ALJ stated plaintiff testified that she had not smoked marijuana in the past two years but that her medical record indicated that plaintiff had smoked marijuana on July 3, 2014. *Id.* The ALJ also noted that plaintiff reported having been sober from alcohol for fifteen years but in February 2013 plaintiff reported drinking alcohol once per year. *Id.* The ALJ further states "the claimant's inconsistent statements regarding this drug use calls into question the veracity of other statements made in the record." *Id.*

The Ninth Circuit has indicated that an ALJ may consider "ordinary techniques of credibility evaluation." *Smolen, supra*, 80 F.3d at 1284 (citing *Fair v. Bowen*, 885 F.2d 597, 602-04 (9th Cir. 1989)). Although an ALJ may not discredit a plaintiff's testimony as not supported by objective medical evidence once evidence demonstrating an impairment has been provided, an ALJ may discredit a plaintiff's testimony when it contradicts evidence in the medical record. *Bunnell*, *supra*, 947 F.2d at 343, 346-47 (*citing Cotton, supra*, 799 F.2d at 1407), *see Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir. 1995). Here, the plaintiff's testimony is not contradicted by evidence in the medical record.

The ALJ found that plaintiff had smoked marijuana on July 3, 2014. AR. 30; 73; 326. The hearing was held October 7, 2015, one year and three months after plaintiff reported to her health care provider that she had smoked "twice in the past year." AR. 326. Thus, plaintiff did

not smoke on July 3, 2014, but did at some time in the year prior. Therefore, it is possible that plaintiff was truthful in her assertion that she last smoked marijuana two years ago. The ALJ does not cite to any evidence to suggest that plaintiff is untruthful rather than forgetful. Likewise, plaintiff's assertion that she has been sober for fifteen years is not incompatible with a single report in the record that plaintiff drinks alcohol once per year. AR. 326. Many individuals associate sobriety with not getting drunk rather than complete abstinence, and the ALJ does not investigate further. The ALJ may "draw inferences logically flowing from the evidence." *Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982)* (*citing Beane v. Richardson*, 457 F.2d 758 (9th Cir. 1972); *Wade v. Harris*, 509 F. Supp. 19, 20 (N.D. Cal. 1980)). However, an ALJ may not speculate. *See* SSR 86-8, 1986 SSR LEXIS 15 at *22.

While not dispositive alone, the ALJ's overly technical analysis does not rise to the clear and convincing standard the Ninth Circuit requires. *Burrell, supra,* 775 F.3d at 1137.

       D.       *Whether the ALJ's credibility analysis is harmless error.*

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The court noted that "several of our cases have held that an ALJ's error was harmless where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record." *Id.* (citations omitted). Here, the ALJ did not provide a valid reason for an adverse credibility determination because her reasons were not supported by clear and convincing evidence in the record.

The Ninth Circuit states that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has

"adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

Plaintiff based her disability claim on both mental and physical impairments. AR. 25. Plaintiff's testimony as to the limiting effects of her combined impairments, if given greater credibility, may have impacted the limitations the ALJ included in her RFC and lead to a different disability determination.

At the hearing, the ALJ suggested an alternative hypothetical to the vocational expert which included the limitation of "additional work breaks to elevate the legs to knee height or to lay down, two times a day for about 30 minutes." AR. 86. The vocational expert opined that this additional limitation would preclude all jobs at step five. *Id., see* 20 C.F.R. § 404.1520(f); 20 C.F.R. § 404.1560(c)(2). Therefore, the ALJ's adverse credibility determination is not "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)).

Accordingly, this Court concludes the ALJ erred in her credibility evaluation and remand is necessary for further evaluation of plaintiff's credibility.

**II.  Whether the ALJ improperly applied the *Chavez* Acquiescence Ruling and *res judicata*.**

Plaintiff alleges that the ALJ improperly applied the *Chavez* Acquiescence Ruling 97-4(9), and *res judicata* stating that "an ALJ's decision is not a final decision for purposes of *res*

*judicata* until the decision is no longer under appeal." Dkt 10, p. 4. Plaintiff further states that when the instant case was before the ALJ, plaintiff's prior claim was still under appeal at the Ninth Circuit and therefore had not become a final decision for purposes of *res judicata*. *Id.*

Plaintiff's attorney does not cite to any authority to support his assertion that plaintiff's prior claim had not become a final decision for purposes of *res judicata*. In *Chavez v. Bowen*, the Ninth Circuit determined "[t]he principles of *res judicata* apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings." 844 F.2d 691, 693 (9th Cir. 1988). After *Chavez*, the Commissioner issued Acquiescence Ruling 97-4(9) which "applies to determinations or decisions at all *administrative* levels." SSAR 97-4(9), 1997 SSR LEXIS 4, *2 (emphasis added). The Administration issues Acquiescence Rulings in order to adopt circuit court holdings. The *Chavez* Acquiescence Ruling details how the Administration will apply the *Chavez* ruling and *res judicata* to disability claims filed under Ninth Circuit jurisdiction. SSAR 97-4(9), 1997 SSR LEXIS 4, *7; U.S. Social Security Administration § DI 12720.001. The ruling clarifies that although *Chavez* was a Title II claim only, the ruling applies to both Title II and Title XVI claims. SSAR 97-4(9), 1997 SSR LEXIS 4, *1 n.2.

Pursuant to 20 C.F.R. § 402.35(b)(2), "Acquiescence Rulings are generally binding on all components of the Social Security Administration." Although "Social Security Rulings do not have the force of law, [n]evertheless, they constitute Social Security Administration interpretations of the statute it administers and of its own regulations." *See Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) (*citing Paxton v. Sec. HHS*, 865 F.2d 1352, 1356 (9th Cir. 1988); *Paulson v. Bowen*, 836 F.2d 1249, 1252 n.2 (9th Cir. 1988)) (internal citation and footnote omitted). As stated by the Ninth Circuit, "we defer to Social Security Rulings

unless they are plainly erroneous or inconsistent with the [Social Security] Act or regulations." *Id.* (*citing Chevron USA, Inc. v. NRDC, Inc.*, 467 U.S. 837, 842-45 (1984); *Paxton, supra*, 865 F.2d at 1356) (footnote omitted).

Social Security Ruling 11-1p states that the Administration does not accept new disability applications while a claimant has a prior disability claim for the same title and benefit type pending at any level of administrative review. SSR 11-1p, 2011 SSR LEXIS 1 *2-3. However, the ruling does not apply to subsequent applications filed while the prior claim is in federal court or was remanded from federal court to the Administration. HALLEX § I-1-10(B)(2)(b). Here, plaintiff filed the instant claim while the prior claim was on appeal in federal court. Therefore, plaintiff's instant claim for disability benefits would not have advanced to the ALJ hearing level absent administrative finality in the prior claim. Moreover, 42 U.S.C. § 405(g) requires a plaintiff to exhaust administrative remedies before seeking judicial review. Thus, plaintiff's prior claim was administratively final and it was proper for the ALJ to apply Acquiescence Ruling 97-4(9) and *res judicata*.

### III.  Plaintiff's remaining arguments.

Plaintiff also alleges the ALJ erred in evaluating lay evidence, failed to fully and fairly develop the record, failed to properly assess medical evidence, and erred in determining plaintiff's RFC. Dkt. 10, p.2. Because further consideration of plaintiff's credibility is dispositive and may impact the ALJ's assessment of these issues, the Court remands for further consideration in accordance with this decision.

//

//

//

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 12th day of July, 2018.

J. Richard Creatura
United States Magistrate Judge